# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE TENTH CIRCUIT

_____

| | |
|---|---|
| IN RE LORENZO LUCIANO LOPEZ,<br><br>Debtor.<br>_____<br><br>JOHNATHAN RYAN DARGER,<br><br>　　　　Appellant,<br><br>v.<br><br>LON A. JENKINS, Chapter 13 Trustee,<br>and AUNTIE TUT TRUST,<br><br>　　　　Appellees. | BAP No. UT-25-003<br>BAP No. UT-25-004<br><br><br><br>Bankr. No. 24-26705<br>Chapter 13<br><br><br>ORDER TO SHOW CAUSE |

_____

On January 28, 2025, Appellant filed a Notice of Appeal seeking to appeal four orders: (1) Order Granting Auntie Tut Trust's Motion for Post Bankruptcy Relief from the Automatic Stay ("Stay Order") [Bankr. ECF No. 28], (2) Unsigned Order Dismissing Chapter 13 Case on Request by Debtor Pursuant to 11 USC § 1307(b) ("Unsigned Dismissal Order") [Bankr. ECF No. 29], (3) Order Dismissing Case ("Dismissal Order") [Bankr. ECF No. 30], and (4) Unsigned Order on Motion to Intervene ("Intervention Order") [Bankr. ECF No. 31]. On January 31, 2025, the Court issued an Order Construing Notice of Appeal as Three Notices of Appeal, which assigned (1) the appeal of the Stay Order to BAP Appeal No. UT-25-3; (2) the appeal of the Unsigned Dismissal

Order and Dismissal Order to BAP Appeal No. UT-25-4; and (3) the appeal of the Intervention Order to BAP Appeal No. UT-25-5.

"Standing is a threshold issue in every federal case."[1] Because the issue of standing is jurisdictional, it remains open to review at all stages of litigation.[2] This Court "has an independent duty to inquire into its jurisdiction over a dispute, even where neither party contests it."[3] The Tenth Circuit recognizes that "although the Bankruptcy Code 'does not contain an explicit grant or limitation on appellate standing,' only a 'person aggrieved' by a bankruptcy court's order may appeal."[4] To qualify as a person aggrieved, a party must show that the bankruptcy court order at issue "diminish[ed his] property, increase[ed his] burdens, or impair[ed his] rights."[5]

It appears that Appellant may not have standing to appeal the Stay Order, Unsigned Dismissal Order, and Dismissal Order. As this Court has an obligation to satisfy itself that it has jurisdiction to hear this appeal, Appellant is directed to show cause as to whether he has standing to appeal these orders.

Accordingly, it is HEREBY ORDERED that:

---

[1] *In re Thomas*, 469 B.R. 915, 921 (10th Cir. BAP 2012).
[2] *In re Lacy*, 335 B.R. 729, 736 (10th Cir. BAP 2006) (citing *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994)).
[3] *In re Am. Ready Mix, Inc.*, 14 F.3d 1497, 1500 (10th Cir. 1994); *see also In re Petroleum Prod. Mgmt., Inc.*, 282 B.R. 9, 15 (10th Cir. BAP 2002) (citing *Paine v. Dickey (In re Paine)*, 250 B.R. 99, 104 (9th Cir. BAP 2000) (noting that a bankruptcy appellate panel may raise jurisdictional issues *sua sponte*)).
[4] *Petroleum Prod.*, 282 B.R. at 15 (quoting *Am. Ready Mix*, 14 F.3d at 1500).
[5] *Id.*

1. Within fourteen (14) days from the date of this Order, Appellant must file with the Court a memorandum of law providing a legal explanation as to why Case Nos. UT-25-003 and UT-25-004 should not be dismissed for lack of jurisdiction due to his lack of standing to appeal. This memorandum must be served on all parties to the appeal.

2. Appellees' response, if any, is due seven (7) days from the date of service of Appellant's memorandum.

3. Failure to respond to this Order will result in the dismissal of these appeals for failure to prosecute. Fed. R. Bankr. P. 8003(a)(2); 10th Cir. BAP L.R. 8026-4(b), (c).

For the Panel

*Anne Zoltani*

Anne Zoltani
Clerk of Court